UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN KUMAR GAMPALA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY (DHS), et al.,<br><br>    Defendants. | Case No. 18-cv-02302-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY CASE**<br><br>Re: Dkt. No. 12 |

Plaintiff Praveen Kumar Gampala alleges that the Department of Homeland Security, the United States Citizenship and Immigration Services ("USCIS"), and USCIS officials (collectively "Defendants") have refused to timely adjudicate his naturalization application. Defendants' Motion to Dismiss or, in the Alternative, Stay Case in the interests of comity is now pending before the Court.[1] (Dkt. No. 12.) Having considered the parties' briefs, and having had the benefit of oral argument on September 6, 2018, as well as post-hearing briefing, the Court GRANTS Defendants' motion to allow Plaintiff the opportunity to move to intervene in the *Nio v. U.S. Department of Homeland Security*, No. CV 17-998 (ESH), (D.D.C.), action.

## BACKGROUND

### A. Complaint Allegations

Plaintiff alleges that he has served in the Army since March 22, 2016 under the Military Accessions Vital to the National Interest ("MAVNI") program. MAVNI is a Department of Defense ("DOD") recruitment program that enlists noncitizens with certain language skills in the Selected Reserve of the Ready Reserve ("SRRR") with the promise of expedited naturalization

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 13.)

1 under the Immigration and Nationality Act ("INA") Section 329. *See* 12 USCIS Policy Manual I.3. Plaintiff further alleges that he received a Form N-426 certifying his honorable service and submitted a Form N-400 naturalization application to USCIS on February 22, 2017. (*Id.* at ¶ 13.) He completed his biometrics for the naturalization process on March 20, 2017. (*Id.*) Since that date, Plaintiff has received no updates or further requests from USCIS regarding his naturalization application, and USCIS has not responded to any of his inquiries. (*Id.* at ¶¶ 13, 19, 23.)

**B. Procedural Background**

On April 17, 2018, Plaintiff filed a Complaint alleging that Defendants have violated the INA, the Administrative Procedures Act ("APA"), and his due process rights under the Constitution by failing to timely adjudicate the application. (Dkt. No. 1.) Plaintiff contends that he has suffered hardship and is unable to progress in his military career as a result of the delay. (*Id*. at ¶ 25.) He seeks an order requiring USCIS to adjudicate his application within 30 days, or a reasonable period of time determined by the court, as well as reasonable attorney's fees and costs. (*Id*. at 5.[2])

Defendants responded to the Complaint with the underlying Motion to Dismiss or Stay in light of the pendency of *Nio v. U.S. Department of Homeland Security*, No. CV 17-998 (ESH) (D.D.C.). The motion is now fully briefed. (Dkt. Nos. 17 & 21.) After Defendants submitted their reply, Plaintiff filed a Notice of Supplemental Authority on August 20, 2018, and Defendants then filed a motion for leave to file a sur-reply and the sur-reply. (Dkt. Nos. 22, 24, 25.) Finally, Plaintiff filed a response to the sur-reply on August 31, 2018. (Dkt. No. 26.) The hearing on the Motion to Dismiss or Stay occurred on September 6, 2018.

**C. The *Nio* Litigation**

The INA Section 329 provides that noncitizens who serve honorably in the armed forces are eligible for naturalization through an expedited procedure. 8 U.S.C. § 1440(a). Until last year, USCIS had a policy that MAVNI recruits could satisfy the honorable service requirement of 8 U.S.C. § 1440(a) through participation in SRRR drills. *See Nio*, No. CV 17-998 (ESH), 270 F.

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Supp. 3d 49, 58-59 (Memorandum Opinion, Sept. 6, 2017); *see also* 12 USCIS Policy Manual I.3.B. Then, in April 2017, USCIS issued a hold on all pending MAVNI naturalization applications until the DOD clarified whether SRRR drills satisfied the honorable service requirement. *Nio*, 270 F. Supp. 3d at 56.

A month later, twelve MAVNI soldiers filed a class action lawsuit in the D.C. District Court challenging the legality of the hold and alleging that USCIS, the DOD, and others have violated the INA and the APA by implementing these changes. *See id.*, Dkt. No. 1 (Complaint, May 24, 2017); *Nio*, 323 F.R.D. at 30. Less than two months later, USCIS revised its MAVNI N-400 Guidance, directing that "MAVNI cases may not proceed to interview, approval, or oath until confirmation that all enhanced DOD security check [sic] are completed." *Nio*, 270 F. Supp. 3d at 56. On August 24, 2017, the *Nio* court ordered that the defendants make regular status reports to the court regarding the *Nio* plaintiffs' naturalization applications and enhanced DOD background checks. *See Nio*, No. CV 17-998 (ESH), Dkt. No. 36 (Order Setting Deadlines and Briefing Schedule, Aug. 24, 2017). In response to the defendants' policy changes, the *Nio* plaintiffs amended their complaint, including in part a claim challenging the legality of USCIS's requirement that MAVNI recruits complete DOD enhanced security screening prior to adjudication of MAVNI recruits' naturalization applications. *Nio*, 323 F.R.D. at 30-31. Thereafter, on October 27, 2017, the *Nio* court certified a Fed. R. Civ. Proc. 23(b)(1)(A) and 23(b)(2) class of all persons who:

> (i) have enlisted in the Selected Reserve of the Ready Reserve ("Selected Reserve") through the Military Accessions Vital to the National Interest ("MAVNI") program [before October 13, 2017];
>
> (ii) have served honorably in the U.S. military through participation in at least one Selected Reserve drill period or in an active-duty status;
>
> (iii) have received from the U.S. military executed Form N–426s certifying their honorable service as members of the Selected Reserve or in active-duty status;
>
> (iv) have submitted N–400 Applications for Naturalization to United States Citizenship and Immigration Services ("USCIS"); and
>
> (v) have had the processing or final adjudication of their naturalization applications (including naturalization itself) withheld

3

> or delayed because of (a) a final USCIS processing hold for MAVNIs, (b) a United States Department of Defense ("DoD") N–426 policy review, (c) a DoD N–426 recall/decertification policy, (d) enhanced DoD security screenings, (e) a DoD Consolidated Adjudications Facility ("CAF") adjudication, (f) a ... national security determination, and/or (g) a ... military service suitability vetting or determination.

*Nio*, 323 F.R.D. at 31. The *Nio* plaintiffs have moved for partial summary judgment, and a hearing on the motion is set for October 3, 2018. *See Nio*, No. CV 17-998 (ESH), Dkt. No. 117 (Plaintiff's Motion for Partial Summary Judgment, Aug. 13, 2018).

## LEGAL STANDARD

The principle of federal comity refers to the court's discretion to decline jurisdiction when the same issues are already pending before another federal court. "[T]hough no precise rule has evolved, the general principle is to avoid duplicative litigation" in the interests of judicial economy and avoiding inconsistent results. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Ninth Circuit employs a "first-to-file" rule to implement the principle: district courts have discretion to transfer, stay, or dismiss an action if the same parties and issues are already at issue in a proceeding before another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir.1991). The parties and issues in each action only need to be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989). However, the Ninth Circuit cautions against outright dismissal if the first-filed proceeding remains at risk of dismissal. *Alltrade*, 946 F.2d at 628-29.

"The most basic aspect of the first-to-file rule is that it is discretionary[.]" *Id.* at 628. However, courts must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues" when determining whether to apply the rule. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted). The analysis "should be driven to maximize economy, consistency, and comity." *Id.* (internal quotations marks and citations omitted).

## DISCUSSION

This action should be stayed under the first-to-file rule. The parties and issues are

substantially similar, and the interests of judicial economy, consistency, and economy favor a stay.

**A. The Parties are Substantially Similar**

"[T]he first-to-file rule does not require exact identity of the parties," but does require substantial similarity. *Kohn Law Grp.*, 787 F.3d at 1240. The parties disagree on two issues: first, whether the Plaintiff is a member of the *Nio* class; and second, whether the different defendants in this proceeding render the actions dissimilar enough to avoid the first-to-file rule.

*i) Plaintiff is a Member of the Nio Class*

Outside of a class action lawsuit, there is a general common law rule against nonparty preclusion for the same claims against a common defendant. *See Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008); *but see Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) ("If the parties 'represent the same interests' the court may determine the second action is duplicative."). In contrast, a class action precludes class members from litigating the same claims against the same defendants. *See Taylor*, 553 U.S. at 894; *see also* Fed. R. Civ. Proc. 23. Furthermore, class members cannot opt out when class certification is based on Rule 23(b)(1) or (b)(2). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011). Accordingly, if Plaintiff is a member of the *Nio* class, he is precluded from litigating the same claims against the same defendants because the *Nio* class was certified under Rules 23(b)(1)(A) and (b)(2). *See Nio*, 323 F.R.D. at 31.

Defendants insist that Plaintiff is a member of the *Nio* class: as with the *Nio* plaintiffs, Plaintiff's challenge here is to USCIS's failure to adjudicate Plaintiff's naturalization application until it receives notification that DOD has completed the enhanced background checks. Plaintiff does not dispute that he was a member of the *Nio* class at one time, but maintains that he is no longer part of the *Nio* class. Plaintiff relies on quotes from an email he received from a DOD representative that purportedly demonstrate that the DOD completed his enhanced background checks on June 4, 2018. Defendants object to the quotes as hearsay, dispute the status of Plaintiff's background screening, and insist that as of the hearing on September 6, 2018, USCIS had not yet received the DOD's notification that Plaintiff's background check was completed. Defendants further argue that Plaintiff will remain a member of the *Nio* class, even after the DOD background checks are completed, until USCIS adjudicates his application.

At the hearing, the parties disputed whether a draft status report, to be filed in the *Nio* proceeding, demonstrated that the DOD had provided notice to USCIS regarding Plaintiff's background checks. Plaintiff argued that the draft listed the checks as completed, and therefore USCIS must have been notified because USCIS and DOD are both *Nio* defendants. However, Plaintiff did not provide a copy of the June 20, 2018 status report in question. (Dkt. No. 29 at 2.) Defendants countered that the draft does not state that the checks are completed, and subsequently filed a redacted copy of the June 20, 2018 *Nio* status report to show that Plaintiff's entries in the the "Completed_MSSD" column reads "Pending" and also that the "USCIS_Notified_on_Final_Suitability_Determination_(Date)" column is blank. (Dkt. No. 32 at 2, Ex. A (Declaration of Chang and *Nio* Class Report).)

Based on the filings and oral argument, it appears that Plaintiff is a member of the *Nio* class. The Complaint and Plaintiff's later filings do not allege sufficient facts to plausibly infer that the checks are completed or that if so, DOD has notified USCIS of the completed background checks. Plaintiff thus falls within the *Nio* class of individuals who are experiencing a delay due to "enhanced DOD security screenings." *See Nio*, 323 F.R.D. at 31. Therefore, Plaintiff will remain part of the class until USCIS adjudicates his application.

*ii) The Defendants in the Two Actions are Substantially Similar*

The parties also dispute whether the defendants are substantially similar. Initiating a separate proceeding against fewer defendants than the first-filed suit does not defeat application of the first-to-file rule. *Kohn Law Grp.*, 787 F.3d at 1240. Rather, "[t]he rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (E.D. Cal. 2011).

The *Nio* plaintiffs brought suit against DHS, USCIS, DOD, and the head of each agency. *See Nio*, No. CV 17-998 (ESH), Dkt. No. 61 (Second Amended Complaint, Oct. 20, 2017). In comparison, the Defendants in the present case are DHS, USCIS, the head of each agency, and two USCIS San Francisco Field Office Directors. The different defendants in each case do not alter the character of the suit: in the event that the plaintiffs in either case prevail, the result would

be to compel USCIS to adjudicate the pending naturalization applications. Omitting the DOD defendants and naming additional USCIS officials here does not have any practical effect on the issues or remedies sought. *See Kohn Law Grp.*, 787 F.3d at 1240.

**B. The Issues are Substantially Similar.**

The Court must also consider whether the issues in each case are substantially similar. *Nakash*, 882 F.2d at 1416. This factor is satisfied if there is "substantial overlap" between the two suits regarding the claims and remedies sought. *Kohn Law Grp.*, 787 F.3d at 1241. The parties disagree whether the claims and remedies in the present case are subsumed by *Nio*.

In *Nio*, the plaintiffs contend (1) that USCIS and DOD violated the APA through the method used to change their policies and procedures, (2) that the defendants violated plaintiffs' constitutional rights by imposing "unauthorized, unlawful, and arbitrary" requirements, and (3) that defendants violated the INA by delaying adjudication in light of the new requirements. *See Nio*, No. CV 17-998 (ESH), Dkt. No. 61 at 54-56, 62-64 (Second Amended Complaint, Oct. 20, 2017). In this case, Plaintiff brings three claims regarding the government's failure to adjudicate his naturalization application: (1) violation of the APA; (2) violation of Fifth Amendment Due Process; and (3) violation of the INA. Each suit's claims overlap because they are based on the same statutes and constitutional rights and relate to the same actions by the common defendants. Thus, the claims are substantially similar.

The *Nio* plaintiffs requested that the court provide the following relief:

> 1. Assume jurisdiction over this action;
> 2. Issue the declaratory judgment [...];
> 3. Grant the preliminary and permanent injunctive relief requested [...];
> 4. Grant the relief requested pursuant to the APA [...];
> 5. Issue the mandamus requested [...];
> 6. Grant the [equitable] relief requested [for constitutional violations...];
> 7. Award Plaintiffs and the Class reasonable costs and attorneys' fees, including under the Equal Access to Justice Act;
> 8. Award such further relief as the Court deems just or appropriate.

*Nio*, No. CV 17-998 (ESH), Dkt. No. 61 at ECF 64 (Second Amended Complaint, Oct. 20, 2017). Here, in comparison, Plaintiff requests that the Court assume jurisdiction, issue mandamus relief, retain jurisdiction during the adjudication of the naturalization application, award costs and

attorneys' fees under the Equal Access to Justice Act, and any other relief the Court finds proper. Although Plaintiff does not request declaratory or injunctive relief like the *Nio* plaintiffs, the core of his requested relief is the same: that the Court order USCIS to adjudicate his pending naturalization application and award costs and attorneys' fees. Plaintiff's additional request that the Court retain jurisdiction is a procedural remedy rather than a substantive remedy since it is part of "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Because the remedies substantially overlap, they are substantially similar.

**C. The Purpose of the First-to-File Rule Weighs in Favor of a Stay**

"The first-to-file rule was developed to serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (internal quotation marks and citations omitted). Other district court judges have applied the first-to-file rule to stay the later filed action where the first-filed suit is likely to resolve the claims of the later-filed suit. *Compare In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1399441 (N.D. Cal. 2011) (granting a limited stay on the common claims and plaintiffs where the first-filed proceeding was likely to resolve those issues) *with Adedapoidle-Tyehimba v. Crunch LLC*, 2013 WL 1890718 (N.D. Cal. 2013) (denying the motion to stay under the first-to-file rule when the "off-the-clock" wage claims of the second-filed suit were not included in the first-filed suit). Courts generally apply principles of "maximiz[ing] economy, consistency, and comity" when deciding whether to stay or dismiss an action. *Kohn Law Grp.*, 787 F.3d at 1240.

Each of these three factors is furthered by granting the motion to stay here. First, a stay would maximize judicial economy because Plaintiff's claims and remedies are already at issue in *Nio*. Second, absent a stay, the cases will likely proceed at different speeds and produce inconsistent results. If this were to occur, USCIS could receive conflicting orders from two district courts, which would undermine federal comity and the legitimacy of district court decisions. Third, the *Nio* court is closely monitoring the status of all *Nio* class members through regular reports. Proceeding with this case would undermine mutual respect between the courts, particularly given the care and attention that the *Nio* court has already undertaken. Finally,

8

Plaintiff has not pointed to any prejudice that he would suffer due to a stay while the *Nio* case proceeds. Plaintiff vaguely alleges that he is "unable to progress in his military career," but he has not specified how adjudication of his naturalization application has any effect (salary, rank, assignment, etc.) on his military career. While Plaintiff does reference the general possibility of arrest and removal proceedings, he has not alleged any facts to suggest that he is more at risk than any of the other *Nio* class members. At the hearing, Plaintiff suggested that there is urgency to the resolution of his naturalization action because, in the event that the DOD issues an adverse decision regarding his military service prior to the adjudication of this naturalization, this could have negative effects on his naturalization action. But the *Nio* court is equally well-equipped to address this issue—and indeed, will have to address it for the approximately 149 similarly situated individuals—and because *Nio* has been pending longer, it may well proceed more quickly than this case.

However, to ensure that the *Nio* court is willing to address these issues and that Plaintiff's counsel has the opportunity to raise them with the *Nio* court directly, the Court will stay this action to allow Plaintiff to move to intervene in *Nio* under Federal Rule of Civil Procedure 24, should Plaintiff wish to do so. Defendants have represented that they will not object to such a motion on venue grounds, nor will they argue that the *Nio* court lacks jurisdiction to adjudicate Plaintiff's naturalization application. (Dkt. No. 33.) Accordingly, the Court grants the motion to stay pending the *Nio* court's adjudication of Plaintiff's motion to intervene or, if Plaintiff does not elect to move to intervene, pending the *Nio* court's resolution of the class claims.

## CONCLUSION

For the reasons set forth above, Defendants' motion to stay is granted. The parties shall file a joint status report within six months of the date of this Order, or within 14 days of the *Nio* court's ruling on Plaintiff's motion to intervene, if made, whichever date occurs first.

**IT IS SO ORDERED.**

Dated: September 28, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

9